NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRELL L. COMRAS,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>        Defendant-Appellee. | No. 18-36056<br><br>D.C. No. 3:18-cv-05082-MAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 5, 2020**
Seattle, Washington

Before:    M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,***
District Judge.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    ** The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

    *** The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Terrell L. Comras appeals the district court's decision affirming the Commissioner of Social Security's denial of her application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order affirming the denial of social security benefits by the administrative law judge ("ALJ") de novo and reverse only if the ALJ's decision was not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We affirm.

The ALJ did not err in giving limited weight to Comras's therapist or consulting psychologist regarding Comras's disability. The ALJ provided clear and convincing reasons that were supported by substantial evidence in the record. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) ("To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." (citation omitted)). Comras's therapist's opinion as to Comras's abilities and limitations was contradicted by Comras's testimony and by the psychologist's opinion. The psychologist's prognosis was of limited value

2

because Comras did not avail herself of the recommended treatment plans, failed to take her medication as prescribed, and did not attend counseling consistently.

The ALJ also did not err in discounting Comras's testimony. The ALJ offered specific, clear and convincing reasons for finding Comras not credible, including that her medical records, self-dosing of psychiatric medications, and significant breaks in treatment for nonmedical reasons contradicted her testimony about her daily activities and medical issues. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir. 2007) (noting the factors that we have found relevant when reviewing an ALJ's credibility determination, including daily activities inconsistent with alleged symptoms, the use of medication, and failure to follow, without adequate explanation, a prescribed course of treatment). Comras's statements about her abilities were also inconsistent with respect to the lay testimony offered, which the ALJ discounted for germane reasons. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

The ALJ's finding that Comras's residual functioning capacity reasonably accounted for all the limitations in her ability to perform work-related activities is supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**AFFIRMED.**